UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK WAYNE DELLELO,<br><br>Plaintiff,<br><br>v.<br><br>SHELLEE KAE HOOVER, et al,<br><br>Defendants. | CASE NO. C10-1071 MJP<br><br>ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on Plaintiffs' response to this Court's Order to Show Cause and his Complaint (Dkt. No. 14 and 1, respectively.)  Plaintiff alleges the state court's restraining order issued on August 20, 1996 violated due process and alleges his daughter was kidnapped by the child's mother and her family.  Having reviewed the response and the Complaint, the Court DISMISSES this matter without prejudice for lack of subject matter jurisdiction.

**Analysis**

Unlike state courts, which are usually courts of general jurisdiction, federal courts are courts of limited subject matter jurisdiction. See Charles Alan Wright, Arthur R. Miller, et al.,

13 Federal Practice and Procedure § 3522 (3d ed.) (collecting cases). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. Id. In general, federal jurisdiction exists when either (1) a claim arises under the Constitution and laws of the United States or (2) suits arise between citizens of different states and the amount in controversy exceeds $75,000. See Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001) (listing other non-exhaustive categories of subject matter jurisdiction); see also 28 U.S.C. §§ 1331, 1332. If a federal court determines it lacks subject matter jurisdiction at any time during a dispute, that court must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Rosales v. United States, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

Here, Plaintiff's complaint identifies a number of alleged harms and asserts this Court has jurisdiction under 28 U.S.C. § 1331 and various other federal statutes. (See Dkt. No. 1.) While Plaintiff alleges claims arising under the Constitution, laws or treaties of the United States, the Court nevertheless lacks federal subject matter jurisdiction pursuant to the domestic relations exception and/or the Rooker-Feldman doctrine, each discussed respectively below.

    a. Domestic Relations Exception

Federal courts customarily decline to intervene into the realm of domestic relations. The United States Supreme Court held long ago that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ex parte Burrus, 136 U.S. 586, 593-594 (1890); see also Mansell v. Mansell, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law"); Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern").

Thus, a "domestic relations exception" has developed that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S.

689, 703 (1992). In addition, federal courts can decline to hear a case involving "elements of the domestic relationship," Ankenbrandt, 504 U.S. at 705, even when divorce, alimony, or child custody is not strictly at issue:

> This would be so when a case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.' Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties.

Id. at 705-706 (quoting Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)).

This concept was reconfirmed by the United States Supreme Court with the determination that, while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, see, e.g., Palmore v. Sidoti, 466 U.S. 429, 432-434 (1984), in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts. Elk Grove Unified School District v. Newdow, 542 U.S. 1, 13 (2004). Therefore, the Court declines to exercise jurisdiction in this matter since ultimately it involves elements of a state court order regarding domestic relations.

    b. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine examines whether a federal district court has the jurisdiction to review the final decisions of state courts. District courts generally lack the authority to review state judgments pursuant to 28 U.S.C. § 1257, since only the United States Supreme Court has such jurisdiction. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); District of Columbia Ct.of App. v. Feldman, 460 U.S. 462 (1983). Plaintiffs cannot appeal state

1   court cases directly to United States district courts, nor can they bring federal claims that would

2   ask district courts to pass judgment on state court findings. "If the constitutional claims presented

3   to a United States district court are inextricably intertwined with the state court's denial in a

4   judicial proceeding ... then the district court is in essence being called upon to review the state-

5   court decision." Feldman, 460 U.S. at 483. This doctrine even bars challenges to state court

6   decisions on the basis of deprivation of federal constitutional rights, since this would

7   nevertheless undermine state court decisions. Feldman, 460 U.S. at 484-86. Therefore, to the

8   extent the state courts have reached a decision regarding the custody and visitation of Plaintiff's

9   daughter, Plaintiff cannot seek review of those decisions in this Court.

## Conclusion

The Court hereby ORDERS that the case be dismissed without prejudice for lack of subject matter jurisdiction.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 5th day of January, 2011.

Marsha J. Pechman  
United States District Judge

ORDER DISMISSING CASE FOR LACK OF  
SUBJECT MATTER JURISDICTION- 4